UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| CARLOS BURGOS, ) | 09-cr-40010-FDS-11 |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR CERTIFICATE OF INNOCENCE

**SAYLOR, J.**

Defendant Carlos Burgos, having successfully appealed his conviction in this matter, has moved for the Court to issue a certificate of innocence pursuant to 28 U.S.C. § 2513 (b). For the reasons set forth below, the Court will deny the motion.

**I.   Analysis**

In January 2011, defendant was tried by a jury and convicted of conspiracy to possess marijuana with intent to distribute and conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. He subsequently appealed those convictions to the First Circuit. On December 17, 2012, the First Circuit overturned his convictions, holding that there was insufficient evidence to support them. Specifically, the First Circuit found that a rational jury could not "have concluded, beyond a reasonable doubt, that [defendant] had knowledge of, or was willfully blind to, the marijuana distribution operation. . . ." *United States v. Burgos*, 703 F.3d 1, 16 (1st Cir. 2012). Defendant now seeks a certificate of innocence pursuant to 28 U.S.C. § 2513 (b), so that he may pursue money damages from the government for prosecuting him under 28

U.S.C. § 1495.

Section 2513, in pertinent part, provides that

(a) Any person suing under section 1495 of this title must allege and prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513 (a) - (b). Accordingly, the Court should issue a certificate of innocence only if it finds that defendant's conviction has been reversed on the ground that he is not guilty *and* "he did not by misconduct or neglect cause or bring about his own prosecution." *See United States v. Racing Servs.*, 580 F.3d 710, 712 (8th Cir. 2009) ("to obtain the certificate, Bala must allege and prove that her conviction (1) 'has been reversed or set aside on the ground that [s]he is not guilty of the offense of which [s]he was convicted . . . and (2) . . . [her] acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State . . . and [s]he did not by misconduct or neglect cause or bring about [her] own prosecution.'").

District courts are afforded discretion in determining whether or not a defendant is entitled to a certificate of innocence. *United States v. Graham*, 608 F.3d 164, 172 (4th Cir. 2010). Furthermore, courts have examined the legislative history of § 2513 and correctly held that the class of persons entitled to relief under it is limited to the "entirely innocent." *See Graham*, 608 F.3d at 171, n. 2 (examining the legislative history, in particular the Attorney

2

General's comments distinguishing the "'entirely innocent,' who would merit a certificate of innocence, from those who would not–the 'more frequent[ ]' cases in which reversal was based 'on the ground of insufficiency of proof or on the question as to whether the facts charged and proven constituted an offense under some statute.'") (Internal citations omitted).

Here, the First Circuit held that the evidence was insufficient to support the "knowledge" element of the conspiracy offenses.  Defendant was a police officer in Worcester, Massachusetts.  His convictions for conspiracy to possess marijuana with intent to distribute and conspiracy to distribute marijuana were based on evidence that he provided information to his brother-in-law, who was indisputably part of the conspiracy, about police surveillance activity.  The First Circuit held that although there  "were warning signs that something illegal was afoot at [his brother-in-law's garage,] [t]here simply is no evidence . . . that [defendant] knew, or was aware of a high probability, that the illegal actions involved drugs." *Burgos*, 703 F.3d at 16.  The First Circuit did find the evidence sufficient to establish that defendant "knew that the Vice Squad investigated crimes involving drugs, prostitution and gaming, and that the Vice Squad was surveilling [his brother-in-law's garage]." *Id.* at 12.  There was also undisputed evidence that defendant alerted his brother-in-law and his garage co-worker to the police surveillance of the garage.  At the very least, it is "misconduct" for a police officer to inform potential targets of a police investigation of the presence of undercover police surveillance.  Here, defendant's decision to do just that is what brought about his prosecution.  Accordingly, the Court finds that the second element of § 2513 (a) is not present, and, therefore, the Court will decline to issue a certificate of innocence.

## II. Conclusion

For the foregoing reasons, the defendant's motion for a certificate of innocence pursuant to § 2513 (b) is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor  
                                                  F. Dennis Saylor IV  
                                                  United States District Judge

Dated:   April 17, 2013